UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALEZ, et al.,<br>    Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A., et al.,<br>    Defendant. | Case No. 13-cv-00668-JST<br><br>**ORDER GRANTING MOTION TO DISMISS APPEAL**<br>Re: ECF No. 4 |

Before the Court is Appellee Wells Fargo Bank, N.A.'s motion to dismiss this bankruptcy appeal pursuant to Bankruptcy Rule 8001(a) as a result of Appellant Ramon Gonzalez' failure to timely file the notice of appeal within the period of time required by Bankruptcy Rule 8002(a).

Gonzalez appeals the Bankruptcy Court's order dismissing his adversary proceeding against Wells Fargo. ECF No. 31, No. 12-04148 (Bankr. N.D. Cal. Jan. 18, 2013). The Bankruptcy Court issued its order of dismissal on January 18, 2013. Gonzalez filed a notice of appeal on February 3, 2013, 16 days later. ECF No. 34 (Bankr.).

On February 22, 2013, Gonzalez moved for a finding that his appeal was timely filed, or, in the alternative, for a two-day extension of time to file his notice of appeal pursuant to Bankruptcy Rule 8002(c). ECF No. 39 (Bankr.). The Bankruptcy Court held a hearing on the motion on March 25, 2013. The court issued its oral ruling denying the motion on April 5, 2013, ECF No. 48, followed by a written order on April 11, 2013, ECF No. 49 (Bankr.). Gonzalez filed a notice of appeal of that order on April 24, 2013. ECF No. 53 (Bankr.). That second appeal is currently pending in this Court and has been assigned the case number 3:13-cv-02210-JST.

Appellee Wells Fargo filed the instant motion to dismiss the first appeal on April 25, 2013, on the grounds that Gonzalez' notice of appeal was untimely. ECF No. 4. Gonzalez filed a

1  response seeking leave to file a motion either to consolidate his first and second appeals or to stay
2  this appeal while the Court considers the second. ECF No. 10. Gonzalez' opposition does not
3  address the merits of Wells Fargo's motion to dismiss.

4  Bankruptcy Rule 8002(a) provides: "The notice of appeal shall be filed with the clerk
5  within 14 days of the date of the entry of the judgment, order, or decree appealed from." Rule
6  8002(c) allows the bankruptcy judge to extend the time for filing a notice of appeal by any party.
7  However, "[a] request to extend the time for filing a notice of appeal must be made by written
8  motion filed before the time for filing a notice of appeal has expired, except that such a motion
9  filed not later than 21 days after the expiration of the time for filing a notice of appeal may be
10 granted upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2).

11 The Supreme Court "has long held that the taking of an appeal within the prescribed time
12 is 'mandatory and jurisdictional.'" Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs
13 v. Provident Consumer Discount Co., 495 U.S. 56, 61 (1982) (per curiam)). "[T]he courts of
14 appeals routinely and uniformly dismiss untimely appeals for lack of jurisdiction." Id. at 210.

15 The time limit for taking a bankruptcy appeal is both procedural and statutory. See 28
16 U.S.C.A. § 158 (West) (bankruptcy appeals shall be taken "in the time provided by Rule 8002 of
17 the Bankruptcy Rules"). An untimely notice of appeal from the bankruptcy court deprives the
18 appellate court of jurisdiction. "'This rigid enforcement is justified by the peculiar demands of a
19 bankruptcy proceeding, primarily the need for expedient administration of the Bankruptcy estate
20 aided by certain finality of orders issued by the Court in the course of administration.'" In re
21 Mouradick, 13 F.3d 326, 327 (9th Cir. 1994) (quoting In re Nucorp Energy, Inc., 812 F.2d 582,
22 584 (9th Cir.1987) (internal quotations omitted)).

23 Where, as here, a bankruptcy appellant has appealed both an underlying dismissal and a
24 denial of a motion to extend time for filing a notice of appeal, the proper course is to dismiss the
25 underlying appeal without prejudice, pending review of the denial of the motion to extend time.
26 See In re Warrick, 278 B.R. 182, 184 (B.A.P. 9th Cir. 2002).

27 For the foregoing reasons, this court will not consolidate the appeals or stay this one
28 pending review of the second; this court lacks the jurisdiction to retain the case in the first

1 instance. Accordingly, the court hereby GRANTS Wells Fargo's motion to dismiss the appeal and
2 DISMISSES this appeal without prejudice.
3     Appellant Gonzalez may only reopen this matter should this court reverse the Bankruptcy
4 Court's denial of Gonzalez' motion to extend time for filing a notice of appeal in case number 13-
5 02210. The clerk is ordered to close the case and terminate all pending docket entries.
6     **IT IS SO ORDERED**.
7 Dated: June 3, 2013

_____
JON S. TIGAR
United States District Judge